UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JAVAUGHN KENNETH LEE GARTH,      )
                                 )
        Plaintiff,               )
                                 )
v.                               )      Case No. 2:26-CV-23-ZMB
                                 )
MIKE KEHOE,                      )
                                 )
        Defendant.               )

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Javaughn Garth's handwritten application to proceed as a seaman under 28 U.S.C. § 1916, Doc. 2, and seven other motions that Garth filed over the next 10 days. Because Garth is not actually a seaman, the Court denies his application and orders him to either complete an application to proceed in forma pauperis (IFP) or pay the full $405 filing fee no later than May 20, 2026. And given that Garth has not properly instituted this action, the Court denies his other motions without prejudice.[1]

As an initial matter, the Court denies Garth's motion to proceed as a seaman. Garth believes he may proceed under section 1916 because his suit involves the Jones Act "arising under" the Federal Employers' Liability Act.[2] Doc. 2 at 1. However, the Complaint is not anchored to the Jones Act. Rather, Garth claims he is being "trafficked" by Missouri Governor Mike Kehoe and asserts violations of various constitutional and statutory rights. Doc. 1 at 3–4. More importantly, while Garth suggests he is an "alien employee," Doc. 9 at 2, he is not actually a seaman.

---

[1] The only exception is Garth's motion for appointment of counsel, Doc. 8, which the Court will defer addressing, as Garth may apply to proceed IFP, and the Court has authority to appoint counsel for IFP litigants, *see* 28 U.S.C. § 1915(e)(1).

[2] While the Court normally would construe this request as an application to proceed IFP under 28 U.S.C. § 1915, Garth's later filings indicate that he does not wish to proceed on that basis. *See* Doc. 9 at 1–2 ("The privilege of the [in] forma pauperis statute are extended only to citizen[s] of the United States. Plaintiff is a United States National . . . . Plaintiff files this notice with or to the Clerk for the purposes of clarity and differentiation between [section 1915] and [section 1916].").

Congress requires that federal courts collect a filing fee from a party "instituting any civil action, suit, or proceeding." 28 U.S.C. § 1914. In some cases, courts may waive this fee for individuals who demonstrate an inability to pay and permit them to proceed IFP.[3] *Id*. § 1915(a)(1). However, a seaman may initiate a suit "for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs" regardless of their ability to pay. *Id.* § 1916. At common law, a seaman is defined as "a person . . . employed on board a vessel in furtherance of its purpose." *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 346 (1991).

Garth's assertion that he may proceed under section 1916 is unmoored from reality. As this Court aptly put it in sinking Garth's similar assertions in a previous lawsuit, his purported seaman status is "not based in law or reality." *Garth v. Off. of Gen. Counsel Dep't of Corr.*, No. 2:25-CV-54-SRW, Doc. 42 at 5 (E.D. Mo. Nov. 18, 2025). First, Garth is not a seaman, as Missouri is a state and not a vessel.[4] Moreover, Garth is not in service of Missouri but rather is incarcerated by it for committing crimes in the state. *See Garth*, No. 2:25-CV-54-SRW, Doc. 42 at 1. Finally, this suit is initiated for violations of constitutional rights and is not a suit for "wages or salvage or the enforcement of law enacted for [a seaman's] health or safety." 28 U.S.C. § 1916. In other words, there are no circumstances that would allow Garth to initiate a seaman suit under section 1916. As such, the Court denies his application. Garth must either pay the filing fee or complete an IFP application before the Court sets course on the merits of this case.

Given that Garth has not yet commenced this action or even attempted to request IFP status, the Court also denies his flotilla of pending motions. Congress requires that federal courts collect

---

[3] In general, prisoners like Garth must eventually "pay the full amount of a filing fee" even if they cannot afford to prepay the fee. *See* 28 § 1915(b)(1); *see also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013) (recognizing that IFP status "is a matter of privilege, not of right.").

[4] The State of Missouri should not be confused with the now decommissioned *Iowa*-class battleship *USS Missouri* (BB-63) or the active *Virginia*-class attack submarine *USS Missouri* (SSN-780). The Court also notes that Governor Kehoe is not the commanding officer of either of those vessels.

a filing fee from a party "instituting any civil action, suit, or proceeding," *see* 28 U.S.C. § 1914(a), and this Court requires advance payment before the institution of any such action, *see id.* § 1914(c); E.D. MO. L.R. 2.01(B)(1) (requiring advance payment). Because Garth has not paid the filing fee or filed an IFP application, this action has not yet been instituted. As such, the Court denies Garth's pending substantive motions. Docs. 2–5, 10–11, 14. Additionally, while Garth is free to refile these and any other requests once he has either paid the filing fee or filed a valid IFP application, the Court cautions that it will not entertain any further motions unless and until he does so.[5]

Accordingly, the Court **DENIES** Plaintiff Javaughn Garth's [2] "Application to Proceed in District Court Under 28 USCS 1916 Seamen's Suit Without Paying Fee or Cost or Furnishing Security." No later than **May 20, 2026**, Garth must either pay the full $405 filing fee or submit a complete form Application to Proceed in District Court Without Prepayment of Fees and Costs under 28 U.S.C. § 1915. Further, the Court **DENIES** without prejudice Garth's [3], [4], [5], [10], [11], [14] bevy of motions, which it will not consider unless and until he pays the filing fee or completes a legitimate IFP application. Finally, the Court warns Garth that **his failure to comply with this order in full will result in a dismissal of this action without prejudice and without further notice**.

The Court directs the Clerk of Court to mail Garth the Court's standard Application to Proceed in District Court Without Prepaying Fees or Costs.

So ordered this 20th day of April 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[5] This is not the first time a docket has been flooded with Garth's motion. *See Garth*, No. 2:25-CV-54-SRW, Doc. 42 at 5 ("Since filing his complaint, Plaintiff has also filed a total of 23 motions, and 14 other various filings."); *see also Garth v. Kehoe*, No. 2:26-CV-18-ZMB (four motions in a very similar case to the instant action). However, the Court has the authority to limit filings in circumstances such as this. *See In re Tyler*, 839 F.2d 1290, 1290–91 (8th Cir. 1988) (upholding district court restriction on future filings in a case until a litigant with a history of voluminous filings paid his filing fee); *see also Collum v. PayPal*, 505 F. App'x 611, 611 (8th Cir. 2013) (citing *In re Tyler* approvingly).

3